IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05 C 362 |
| ) | Paul E. Plunkett, Senior Judge |
| PATRICK MCKENZIE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Patrick McKenzie has filed a petition pursuant to 28 U.S.C. § ("section") 2255 to vacate his conviction and sentence. *See* 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.") McKenzie argues that his sentence was imposed in violation of the Sixth Amendment because the Court made findings of fact that led to the enhancement of his sentence. McKenzie relies upon *Blakely v. Washington*, — U.S. —, 124 S.Ct 2531 (2004) and *United States v. Booker*, — U.S. —, 125 S.Ct. 738 (2005), to assert that he was entitled to have a jury determine these facts. However, the Seventh Circuit has held that the rights enumerated in *Booker* do not apply retroactively on collateral review. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Because McKenzie's sentence was imposed long before the

*Booker* decision was handed down, he cannot show that he is entitled to a modification of his sentence based on that decision. His §2255 petition is therefore denied. This is a final and appealable order.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** JUN 2 7 2005